UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ALVERNAZ PARTNERS, LLC, a California Limited Liability Company,<br><br>          Plaintiff,<br>     v.<br><br>DEVON FLEMING, AKA ANTIONETTE DEVON FLEMING; DON PIERRE C. DUBE; and DOES 1 through 10, inclusive,<br><br>          Defendants.<br>_____/ | No. C 13-3592 LB<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO REASSIGN THIS ACTION TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

On January 24, 2013, Plaintiff Alvernaz Partners LLC brought an action for fraudulent lease procurement, quiet title, declaratory relief, cancellation of instrument, trespass, and ejectment against Defendants Devon Fleming and Don Pierre C. Dube in Alameda County Superior Court.[1] *See* Notice of Removal Ex. A, ECF No. 1 at 7 (the "Complaint").[2] The state court entered judgment against Defendants on July 31, 2013. *See* Judgment, *Alvernaz Partners, LLC v. Fleming*, No. RG 13-664635 (Alameda Co. Sup. Ct. July 31, 2013) (filed at Mem. of P. & A. Supp. Mot. to

---

[1] The original state court complaint identified Antionette Fleming as Antoinette Fleming and named Michael Ford as an additional defendant. *See* Complaint, ECF No. 1 at 7.

[2] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

Remand ("Motion") Ex. 1, ECF No. 6 at 8). On August 2, 2013, *pro se* Defendant Devon Fleming (also known as Antionette Devon Fleming) removed the case from state court, alleging federal jurisdiction under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220. Notice of Removal ("Notice"), ECF No. 1 at 2-5. In response, Alvernaz moves to remand this action back to state court, arguing that Fleming's Notice of Removal was untimely, she failed to join her Co-Defendant in the removal, the court lacks federal question jurisdiction, and the removal action is an improper collateral attack under the *Rooker-Feldman* doctrine. *See* Mem. of P. & A. Supp. Motion to Remand ("Motion"), ECF No. 6.

Based on the parties' submissions, the court finds it lacks subject matter jurisdiction and the removal was improper and untimely. Because Defendants have neither consented nor declined to the undersigned's jurisdiction, the court **ORDERS** the Clerk of the Court to reassign this action to a district judge and **RECOMMENDS** that the newly-assigned district judge grant Alvernaz's motion to remand the action to Alameda County Superior Court.[3]

## STATEMENT

In the state court complaint, Alvernaz alleges that it owns and operates a three-unit residential building at 1226 Haskell Street, Berkeley, California (the "Property"). Compl. ¶ 1. The Property was previously owned by a Michael Ford, previously named as a defendant in the state court suit. *See id.* ¶¶ 6-7. Ford purchased the Property on or about April 6, 2007 by executing two deeds of trust with power of sale in favor of American Home Mortgage. *Id.* ¶¶ 7-8. On May 16, 2007, Ford, "gifted" title to the Property to Defendant Don Pierre C. Dube, "who paid no transfer taxes on a deed recorded in the Official Records of Alameda County as Instrument Number 2007-189067. *Id.* ¶ 9. American Home Mortgage recorded default notices against Ford in September 2007, and filed notices of trustee's sale in 2008 and 2009. *Id.* ¶¶ 10-12.

Before the Property was sold, Dube executed a residential leave agreement for Unit A (the "Apartment") with Fleming, who Alvernaz alleges was Dube's fiancé and business partner. *Id.* ¶ 13.

---

[3] The court finds that this matter is suitable for determination without oral argument and vacates the September 13, 2013 hearing. *See* N.D. Cal. Civ. L.R. 7-1(b).

1  Dube registered the lease with the Berkeley Rent Stabilization Board on January 10, 2010, listing the
2  rent as $400 per month, which is $800-$1,000 per month below the market rate. *Id.* at 9-11.
3      On April 12, 2010, American Home Mortgage foreclosed on the property and the trustee
4  conveyed title to the Apartment to American Home Mortgage. *Id.* at 10. Then on October 31, 2012,
5  American Home Mortgage conveyed title in the property to Alvernaz. *Id.* Alvernaz perfected title
6  by recording the deed in the Official Records of Alameda County as Instrument 2012-358896. *Id.*
7      Alvernaz alleges that Ford conspired with Dube to transfer title to the Property without
8  informing the secured lender and that Dube was aware the Property was in default and subject to
9  imminent foreclosure. *Id.* It claims that Dube is, therefore, not a bona fide purchaser, failed to pay
10 transfer taxes, and deceived and defrauded American Home Mortgage. *Id.* Dube and Fleming
11 (Dube's fiancé and business partner[4]) also deceived American Home Mortgage "and future owners
12 of the Property" by creating the below market lease.
13     Based on these allegations, Alvernaz stated causes of action for fraudulent lease procurement,
14 quiet title, cancellation of instrument, and trespass and ejectment, and he also sought declaratory
15 relief. *Id.* at 10-14. He asked the court to award him monetary damages, restitution, a declaration
16 voiding and rescinding the purported lease, a judgment quieting title in Alvernaz's favor, an
17 injunction ejecting Fleming and all occupants from the Apartment, and a writ of execution. *Id.* at
18 14-16.
19     Alvernaz filed the state court complaint on January 24, 2013. *See* Complaint, ECF No. 1 at 7.
20 Alvernaz claims (and Fleming does not dispute) that it served Fleming and Dube on January 29,
21 2013 at 3:50 p.m. *See* Moore Decl., ECF No. 8, ¶ 5. Fleming does not dispute that this is when she
22 was served. date of service. *See generally* Docket. On July 31, 2013, Superior Court Judge Dennis
23 Hayashi signed the judgment by default in Alvernaz's favor. *See* Judgment, ECF No. 6 at 8. The
24 Judgment states:
25     IT IS HEREBY ORDERED AND ADJUDGED that

---

[4] These paragraphs of the Complaint refer to Dube's fiancé and business partner as "Fletcher." *See id.* at 11. Because the rest of the Complaint names Fleming as Dube's fiancé and business partner, the court presumes this is a typo.

C 13-03592 LB
Order; Report and Recommendation
3

    A.  Judgment is granted in favor of plaintiff Alvernaz Partners, LLC and against Defendants Devon Fleming, aka Antoinette Devon Fleming and Don Pierre C. Dube.

    B.  Plaintiff shall recover possession of the two bedroom residential apartment commonly known as 1226 Haskell Street, Suite A, Berkeley, California, 94702.

    C.  The clerk of this Court is directed to issue a writ of possession directing the sheriff to take all legal steps necessary to remove Defendants and those claiming by, through or under the Defendants from the premises. The judgment shall run against "all occupants" pursuant to California Code of Civil Procedure section 415.46.

    D.  The Court shall not issue any stay of execution to extend the defendants' possession of the premises.

    E.  Plaintiff shall dismiss Alameda Superior Court Case RG13-664632 (Alvernaz Partners, LLC v. Fleming) concurrent with this order.

    F.  Plaintiff shall recover court costs and service fees of $729 against the Defendants.

Judgment, ECF No. 6 at 9.

On August 2, 2013, Defendant Devon Fleming, AKA Antionette Devon Fleming, proceeding *pro se*, removed the action to this court. Notice, ECF No. 1. Ms. Fleming argues that this court has federal question jurisdiction over the case under 28 U.S.C. § 1331. *Id.* at 2. She claims that Alvernaz's complaint "is based upon the protections afforded to [her] by the provisions of the PTFA" and, therefore raises a federal question. *Id.* at 2-3. Fleming alleges that the Alvernaz used artful pleading in an attempt to evade federal jurisdiction. *Id.*

In the Notice of Removal, Fleming also alleges that the removal is timely "because it is filed within 30 days of discovering that the case was ripe for removal." *Id.* at 5. She also alleges that "[a] true and correct copy of the State Court Complaint of the action and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference." *Id.* The only documents attached to the Notice of Removal are the state court Complaint (but not the 11 exhibits referenced in the body of the Complaint) and what appears to be an executed draft of the purported lease between Dube and Fleming. *See* Notice Exs. A & B, ECF No. 6-23.

The record does not indicate that Defendant Dube joined in the removal notice and he has not appeared in the federal action. *See generally* Docket; Notice, ECF No. 1.

On August 8, 2013, Alvernaz filed its motion to remand the action back to Alameda County

C 13-03592 LB
Order; Report and Recommendation

4

Superior Court. *See* ECF No. 6.[5] *See* Mot., ECF No. 5-1. Ms. Fleming has not responded to Alvernaz's motion.

## DISCUSSION

Alvernaz argues that remand is appropriate because the court lacks subject matter jurisdiction, removal was untimely, and procedurally defective. The court agrees with all of these arguments and recommends the district court remand the case back to state court. The court turns first to Alvernaz's jurisdictional arguments.

## I. THE COURT LACKS JURISDICTION OVER THIS MATTER

Alvernaz's primary argument is that the court lacks federal question jurisdiction because the Complaint alleges only state law claims. Motion at 4-5. The court agrees. A state court defendant may remove only an action over which the federal court has original jurisdiction.[6] 28 U.S.C. § 1441(b). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A plaintiff may "by eschewing claims based on federal

---

[5] Alvernaz attaches two exhibits to its motion to remand. Fleming has not objected to the court considering either document. The first is a copy of the public record state court judgment. ECF No. 6 at 8. The second is a chart that purports to list the exhibits that were originally attached to the state court complaint. *Id.* at 10. Because the chart does not affect the court's analysis, the court declines to consider it.

[6] A defendant can remove an action even after the state court has entered judgment in the matter (assuming that removal is otherwise proper). *See Matter of Meyerland Co.*, 960 F.2d 512, 517 (5th Cir. 1992); *In re Savers Fed'l Sav. & Loan Ass'n*, 872 F.2d 963, 966 (11th Cir. 1989).

law, choose to have the cause be heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And an anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). But a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Id.* at 22; *see Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009).

Here, Alvernaz correctly points out that the state court complaint "alleges only causes of action arising from a local real estate dispute and contains no federal statutory or constitutional questions." Motion at 4. Fleming does not dispute this point. Accordingly, remand is appropriate unless Fleming can show some other basis for jurisdiction. She fails to do so.

In the Notice of Removal, Fleming invokes the "artful pleading" doctrine and contends that the court should look beyond the face of the complaint to determine jurisdiction. *See* Notice at 2-4. The court disagrees.

Where the "artful pleading" doctrine applies, the court will look beyond the face of the complaint to determine removal jurisdiction. *ARCO Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). The artful pleading doctrine applies when: (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. *Id.* However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Courts should "invoke the [artful pleading] doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Lippitt v. Raymond James Financial Services*, 340 F.3d 1033, 1041 (9th Cir. 2003).

Here, the Notice of Removal generally refers to all three bases for applying the artful pleading doctrine. *See* Notice, ECF No. 1 at 2-5. The court addresses each argument in turn.

First, Fleming suggests that the PTFA completely preempts Alvernaz's state law causes of action, and replaces them with a "federal cause of action in ejection." *Id.* at 5. The court disagrees that the PTFA's preemptive scope is as broad as Fleming suggests.

1  "Preemption gives rise to federal question jurisdiction only when an area of state law has been
2  completely preempted by federal law." *Perez v. Nidek Co. Ltd.*, 657 F. Supp. 2d 1156, 1161 (S.D.
3  Cal. 2009). Only the following three areas have been recognized as areas of complete preemption
4  by the United States Supreme Court and circuit law: (1) claims under the Labor Management
5  Relations Act; (2) claims under the Employment Retirement and Insurance Security Act; and (3)
6  certain Indian land grant rights. *See Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 585
7  (9th Cir. 1990). Nor does Fleming provide any support for her conclusory preemption argument.
8  Accordingly, on this record the court cannot find that the PTFA completely preempts state law. *See*
9  *BDA Investment Properties LLC v. Sosa*, No. CV 11–03684 GAF (RZx), 2011 WL 1810634, at \*2
10  (C.D. Cal. May 12, 2011).

11  Nor does the PTFA create a federal claim for eviction, either explicitly or implicitly. *See*
12  *Wescom Credit Union*, 2010 WL 4916578, at \*3. For example, in *Nativi v. Deutsche Bank Nat.*
13  *Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010), the district court
14  analyzed the congressional record and text of the PTFA, concluding that no private right of
15  enforcement was implied. 2010 WL 2179885, at \*3. Specifically, the *Nativi* court quoted Senator
16  Gillibrand's statement that the PTFA was intended "to give *local governments and States* the tools
17  they need to tackle this housing crisis." *Id.* (quoting 155 Cong. Rec. S5096-7 (daily ed. May 5,
18  2009) (statement of Sen. Gillibrand) (emphasis added)). Additionally, by its plain text, the PTFA is
19  focused on providing additional or supplemental protections to state or local laws. *See* Pub.L. No.
20  111-22, § 702, 123 Stat. 1660 (2009) ("[N]othing under this section shall affect the requirements for
21  termination of any Federal-or State-subsidized tenancy or of any State or local law that provides
22  longer time periods or other additional protections for tenants.").

23  Rather, the PTFA is a federal statute that provides certain protections to tenants who reside in
24  properties subject to foreclosure. These protections include the right to continue living on the
25  foreclosed property premises for the duration of their lease and the right to receive a 90-day notice to
26  vacate. *See* Pub.L. No. 111-22, § 702, 123 Stat. 1660 (2009). Fleming does not show that
27  compliance with these protections are elements of Avlernaz's causes of action. Instead, the court
28  finds that they are federal defenses to an ejection action where the plaintiff fails to comply with

them.  A federal defense, however, does not support federal-question jurisdiction.  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).

Finally, the court find no merit to Fleming's argument that Alvernaz's right to relief necessarily depends on resolution of a substantial question of federal law.  Notice, ECF No. 1 at 3-4.  Despite stating this as a conclusion, *see* Notice at 3, Fleming fails to identify any substantial question implicated.  The mere fact that a federal issue is incidentally involved in the plaintiff's claim does not mean the claim arises under federal law for removal purposes.  *See Berg v. Leason*, 32 F.3d 422, 425-26 (9th Cir. 1994).

In the present case, all of Alvernaz's claims arise under state law.  *See* Compl., ECF No. 1 at 25-29.  Accordingly, the court recommends the district court hold that it lacks federal question jurisdiction over this matter and remand it back to the state court.

## II. PROCEDURAL DEFECTS

In the alternative to its jurisdictional arguments, Alvernaz cites two procedural defects that, on this record, independently support remand.  First, removal was untimely, and second, Fleming failed to join her co-defendant.

### A. The Notice of Removal Was Not Timely Filed

Even if the court had jurisdiction, Alvernaz argues that Fleming's Notice of Removal was untimely and remand is appropriate.  Motion at 3.  A defendant generally must file a notice of removal within 30 days after receiving the first pleading that provides the basis for removal.  28 U.S.C. § 1446(b).  Whether a defendant has notice of removability is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 160, 162 (9th Cir. 2005).  While the removed plaintiff can challenge the jurisdictional basis for removal at any time, a motion to remand for a procedural defect in the removal procedure must be filed within 30 days of the notice of removal.  28 U.S.C. § 1447(c).

Here, in the Notice of Removal, Fleming contends that "Defendant WENDEE HARTMAN discovered the ripeness for removal on June 27th 2013."  Notice at 2.  This assertion is problematic.  First, there is no Defendant named Wendee Hartman.  *See generally* Docket.  Second, even if Ms.

Fleming discovered the basis for removal on June 27th, she did not file the notice of removal until August 2, 2013 – 36 days later. *See* Notice, ECF No. 1. Alvernaz filed its motion to remand on August 8, 2013 – 6 days after removal. *See* Motion, ECF No. 6; *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 7 (1951). Accordingly, the court finds that Fleming's removal was untimely and remand is the appropriate remedy.

### B. Fleming Failed to Join Her Co-Defendant

Finally, remand is also warranted because Fleming failed to join or explain why she did not join her Co-Defendant Don Pierre C. Dube. *See* Notice. Generally, a notice of removal is only valid when joined by all served defendants in the state court action. *See* 28 U.S.C. § 1446(b)(2)(A). Although the defendant need not join unserved defendants, a removal notice is defective if it fails to explain a codefendant's absence. *See Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011).

Here, Dube did not joint the Notice of Removal and his absence is unexplained. *See* Notice of Removal. Even though Alvernaz pointed out this deficiency in its motion to remand, Fleming did not respond. Accordingly, this is another basis for the district court to grant Alvernaz's motion to remand.

### III. Attorney's Fees Are Not Proper

Finally, Alvernaz argues that it is entitled to attorney's fees in the amount of $3,976 for the labor required to create and file the Motion to Remand because the Notice of Removal "not only lacks a reasonable basis, but threatens the integrity of our legal system." Motion at 7. Under 28 U.S.C. 1447(c), courts may require a defendant to pay the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). However, awards of attorney's fees and costs under §1447 are discretionary. *Id.*

Here, Fleming lacked objectively reasonable grounds for removing this case to federal court because the law is clear that federal courts lack subject-matter jurisdiction over Alvernaz's claims. Furthermore, the fact that she waited until two days after the state court entered judgment against her to file the Notice of Removal – and then omitted any mention of the judgment – suggests that she

intentionally filed this frivolous action solely to delay the state court action. Even so, awarding attorney's fees to Alvernaz's attorneys would be inequitable considering she is facing eviction and is proceeding *pro se* and *in forma pauperis* in defending this action. Under these circumstances, awarding Alvernaz $3,976 in attorney's fees would not serve the interests of justice. *Deutsche Bank Nat. Trust Co. v. Llopis*, No. C 11–03037 WHA, 2011 WL 3502486, at *2 (N.D. Cal. Aug. 10, 2011) (denying a $675 request for attorney's fees in an improperly-removed unlawful detainer case). Accordingly, the court denies Plaintiff's request for costs and attorney's fees.

## CONCLUSION

Based on the foregoing, the court finds that remand to Alameda County Superior Court is appropriate. Because defendant has neither consented to nor declined the undersigned's jurisdiction, the court **ORDERS** the Clerk of the Court to reassign this action to a district judge and **RECOMMENDS** that the newly-assigned district judge grant Alvernaz's motion and **REMAND** this action back to Alameda County Superior Court.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: September 13, 2013

LAUREL BEELER
United States Magistrate Judge